**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA DELOISE MOORE, | ) Case No. 10-2193 SC |
| | ) Case No. 10-4621 SC |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION TO SHORTEN TIME AND |
| | ) DENYING DEFENDANT'S MOTION |
| UNITED STATES OF AMERICA, | ) FOR SANCTIONS |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

## I.   **INTRODUCTION**

Before the Court are two related actions in which Plaintiff Donna Deloise Moore ("Plaintiff") seeks to recover for injuries she allegedly suffered while working as a crew member aboard vessels owned and operated by the United States ("Defendant" or "United States").  10-2193 ECF No. 1 ("10-2193 Compl."); 10-4621 ECF No. 1 ("10-4621 Compl.").[1]  Case number 10-2193 ("the 10-2193 action") involves injuries to Plaintiff's shoulder and cervical spine allegedly sustained when Plaintiff slipped while emptying freezer boxes aboard the SS Cape Horn in December 2008.  2193 Compl.  Case number 10-4621 ("the 10-4621 action") involves further injuries to Plaintiff's shoulder and cervical spine allegedly suffered when

---

[1] All docket references henceforth refer to the docket for case number 10-2193 unless otherwise noted.

United States District Court
For the Northern District of California

1   Plaintiff had to carry heavy loads up and down stairs aboard the
2   USNS Algol between April and October 2009.  4621 Compl.  A bench
3   trial in the 10-2193 action is set to commence on September 6,
4   2011.  ECF No. 16.  A bench trial in the 10-4621 action is set to
5   commence on September 12, 2011.  10-4621 ECF No. 8.

6       In anticipation of the trials, Defendant has filed a Motion
7   for Sanctions and a Motion to Shorten Time for the Court to Hear
8   the Motion for Sanctions.  ECF Nos. 24 ("Mot. to Shorten Time"), 27
9   ("Sanctions Mot.").  Both Motions are fully briefed.  ECF Nos. 26
10  ("Opp'n to Mot. to Shorten Time"), 32 ("Opp'n to Sanctions Mot."),
11  33 ("Sanctions Reply").

12      As an initial matter, the Court GRANTS Defendant's Motion to
13  Shorten Time in order to allow resolution of the Motion for
14  Sanctions before the trials begin.  The Court thus proceeds to
15  address the merits of the Motion for Sanctions.

16

17  II.  **BACKGROUND**

18      The 10-2193 action was filed in May 2010, and the 10-4621
19  action was filed in October 2010.  2193 Compl.; 4621 Compl.  The
20  deadline for fact discovery for both cases was July 6, 2011.  ECF
21  No. 16.  Pursuant to stipulation by the parties, Plaintiff's
22  deadline for expert disclosures was July 15, 2011, and Defendant's
23  deadline for expert disclosures was August 5, 2011.  ECF No. 22.
24  Defendant took Plaintiff's deposition on June 28, 2011, eight days
25  before the close of fact discovery.  Blaze Decl. ¶ 5.[2]  At
26  Plaintiff's deposition, Plaintiff's counsel and counsel for the

27  _____

28  [2] R. Scott Blaze ("Blaze"), counsel for Defendant, filed a
    declaration in support of the Motion for Sanctions.  ECF No. 29.

**United States District Court**
For the Northern District of California

1  United States conferred and agreed that Plaintiff would submit to a

2  medical examination by Defendant's expert.  Id.

3      On July 18, twelve days after the close of fact discovery and

4  seventeen days before Defendant's expert disclosure deadline,

5  Defendant served a Notice of Medical Examination on Plaintiff,

6  informing her that she was to appear for a medical examination by

7  defense expert Dr. Michael F. Charles ("Dr. Charles") nine days

8  later on July 27, 2011.  Quinn Decl. Ex. A ("Not. of Med. Exam.").[3]

9  Allegedly because of a miscommunication between Plaintiff and

10  Plaintiff's counsel, Plaintiff believed that the examination had

11  been scheduled for July 30, 2011.  Bull Decl. ¶ 6.[4]  Accordingly,

12  Plaintiff did not appear for the examination.  Id.  Upon learning

13  of this mistake, Plaintiff's counsel apologized, offered to pay any

14  cancellation fee, and agreed to make best efforts to make Plaintiff

15  available whenever Dr. Charles could perform the exam.  Id.

16      On August 4, 2011, counsel for the United States informed

17  Plaintiff's counsel that the United States was going to file a

18  motion for sanctions.  Bull Decl. ¶ 7.  After further meet-and-

19  confer efforts, counsel for the United States informed Plaintiff's

20  counsel that the United States would not seek sanctions if

21  Plaintiff would agree to continue the trial date until February

22  2012.  Id. ¶ 8.  According to counsel for the United States,

23  neither Dr. Charles, nor any other physician in his medical group,

24  has any available time to examine Plaintiff before October 2011.

25

26  [3] Vickey L. Quinn ("Quinn"), counsel for Defendant, filed a
    declaration in support of the Motion for Sanctions.  ECF No. 30.

27  [4] Edward M. Bull ("Bull"), counsel for Plaintiff, filed a
28  declaration in support of the Opposition to the Motion for
    Sanctions.  ECF No. 32-1.

Sanctions Mot. at 2.  After consulting with Plaintiff, Plaintiff's counsel informed the United States that Plaintiff could not wait until February for trial because of accruing medical bills.  Bull Decl. ¶ 8.  The United States then filed the instant Motion for Sanctions.

## III. LEGAL STANDARD

There are two sources of authority under which a district court can sanction a party for discovery-related abuses: (1) the inherent power of federal courts to levy sanctions in response to abusive litigation practices; and (2) the availability of sanctions under Federal Rule of Civil Procedure 37 against a party who "fails to obey an order to provide or permit discovery." Fjelstad v. Am. Honda Motor Co., 762 F.2d 1334, 1337-38 (9th Cir. 1985).  District courts have wide discretion over whether to impose sanctions pursuant to either Rule 37 or their inherent powers.  Lew v. Kona Hosp., 754 F.2d 1420, 1426 (9th Cir. 1985)("The district court has great latitude in imposing sanctions under [Rule 37]"); Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) ("This circuit has recognized as part of a district court's inherent powers the broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial.").

## IV. DISCUSSION

In its Motion for Sanctions, the United States argues that it has suffered severe prejudice from Plaintiff's failure to appear for the scheduled medical examination.  Sanctions Mot. at 4.  As a

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1  result, it argues that the Court should impose terminating

2  sanctions and dismiss Plaintiffs' actions with prejudice.  Id.  In

3  the alternative, the United States argues that the Court should

4  sanction Plaintiff "by precluding her from offering evidence in

5  support of her case."  Id. at 10.

6     In her Opposition, Plaintiff states that she remains willing

7  to submit to a medical examination.  Opp'n to Sanctions Mot. at 1.

8  She argues that any prejudice faced by Defendant is a result of

9  Defendant's failure to follow proper procedures for requesting a

10 medical exam, waiting until the eleventh hour to request an exam,

11 and hiring an expert who is only available on a single,

12 unilaterally selected date.

13    After reviewing the parties' submissions, the Court finds that

14 the severe sanctions Defendant requests are not warranted in this

15 case.  While Plaintiff's failure to appear at the scheduled

16 examination is troubling, the evidence suggests that her failure to

17 appear was the result of an honest mistake and not done in bad

18 faith.  Moreover, the United States had ample time to request that

19 Plaintiff submit to a medical examination between the time the 10-

20 4621 action was filed in October 2010 and the close of fact

21 discovery in July 2011.  Instead, it chose to wait until the

22 eleventh hour to schedule a medical examination without consulting

23 Plaintiff about her availability.

24    Plaintiff's counsel has offered to pay the costs of the missed

25 appointment, and Plaintiff has continually voiced her willingness

26 to submit to an examination any time before the start of trial on

27 September 6.  Nevertheless, Defendant's retained expert has been

28 unable to make time for a short examination during this six-week

period.   Because of its expert's scheduling difficulties, Defendant presented Plaintiff with the option of postponing trial for five months or facing the instant Motion for Sanctions.

The Court hereby ORDERS the following.   If Defendant believes that a medical examination of Plaintiff is necessary to its case, then Defendant shall find another doctor capable of examining Plaintiff before the commencement of trial on September 6, 2011. Defendant shall provide Plaintiff at least forty-eight hours notice of the examination.   Plaintiff shall attend said examination upon receipt of Defendant's notice.   Defendant shall disclose its expert report by September 3, 2011.   Due to her failure to appear at the scheduled appointment, Plaintiff shall pay the cost of the missed examination and the reasonable cost of the future examination, should one be scheduled.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

**V.    CONCLUSION**

Defendant United States of America's Motion for Sanctions against Plaintiff Donna Deloise Moore is DENIED.  The Court will waive the discovery deadline if Defendant wishes to arrange for a medical examination of Plaintiff between the date of this Order and September 2, 2011.  The Court ORDERS the following:

- Should Defendant wish to schedule an examination, Defendant shall serve Plaintiff with proper notice at least forty-eight hours beforehand and shall file the notice with the Court.

- Plaintiff shall attend said examination upon receipt of Defendant's duly served notice.

- Following any examination, Defendant shall disclose its expert report by September 3, 2011.

- Plaintiff shall pay the costs of the missed appointment and the reasonable costs of the future appointment, should one be scheduled.

IT IS SO ORDERED.

Dated:  August 24, 2011

UNITED STATES DISTRICT JUDGE